### ROSENHEIM v. ROSENFIELD.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

**1. DISMISSING COMPLAINT—WANT OF PROSECUTION.**
Where a case had been at issue for nearly 13 years without the plaintiff bringing it on for trial, and the reason given for the delay was that the parties became reconciled, and that neither wished to prosecute the action, the complaint was properly dismissed on defendant's motion.

Appeal from Special Term, New York County.

Action by Max Rosenheim against Alfred S. Rosenfield. From an order dismissing complaint for want of prosecution, and denying plaintiff's motion for reargument, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Hamilton Odell, for appellant.
Ira Leo Bamberger, for respondent.

INGRAHAM, J. It appears that this action was commenced in September, 1890, to restrain the use of the plaintiff's trade-marks. Issue was joined, and the case was noticed for trial for the November term of that year, and placed upon the calendar. In October, 1890, a preliminary injunction was granted, and in June, 1891, the issues were referred to a referee for trial, since which time nothing has been done by either party. In January, 1903, plaintiff moved to dismiss the complaint for want of prosecution. In answer to that motion the plaintiff submitted an affidavit, from which it appeared that on August 31, 1891, a stipulation was made that either of the parties was to go on with the reference upon two days' notice; that, after this arrangement, the parties became reconciled, and resumed friendly relations, and united in stating to the plaintiff's attorney that they did not desire said action to be further prosecuted. Nothing further was ever done in the action until the 13th of January, 1903, when this application was made. Upon the submission of these affidavits it would appear that the court intimated that it would grant the motion and dismiss the complaint, unless the cause was promptly moved for trial. Subsequently the defendant applied for a reargument of the motion, and for leave to submit an affidavit in reply to that submitted by the plaintiff, which denied making the stipulation, and no written stipulation was produced. This application was

granted, and subsequently the court dismissed the complaint, stating that the replying affidavit disposed of the sole objection to the dismissal presented on the original argument.

I think the complaint was properly dismissed. The case has been at issue for nearly 13 years without the plaintiff bringing it on for trial. The reason given for this delay is that the parties became reconciled, and that neither party wished to prosecute the action. There was no reason shown which would justify the court, after this practical abandonment of the action, acquiesced in for nearly 12 years, in reviving the action and bringing it to life. After the order dismissing the complaint was finally entered, the plaintiff made a motion for a reargument upon new affidavits; but there is nothing in these affidavits to change the situation, or to justify the court in reopening the matter. If the defendant, as the plaintiff alleges, is now violating the plaintiff's trade-mark, there is nothing to prevent the plaintiff from bringing such an action as would be necessary to protect his rights.

I think both orders should be affirmed, with $10 costs and disbursements. All concur.